**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                    **Appellee,**

**-against-**                                            **05-MC-94**

**ALAN L. JOHNSON,**

                    **Defendant-Appellant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION & ORDER

**I.   INTRODUCTION**

Appellant Alan Johnson ("Johnson") appeals from the judgment of the Hon. George H. Lowe, United States Magistrate Judge for the Northern District of New York, convicting him of a violation of New York Vehicle and Traffic Law § 1172 ("N. Y. VTL § 1172") while traveling on the roads of Fort Drum, New York, and sentencing him to a fine of $250.00. For the reasons that follow, the judgment is affirmed in part and vacated in part, and the matter is remanded to the magistrate judge for re-sentencing.

**II.   BACKGROUND**

On or about April 10, 2005 while operating a motor vehicle at Fort Drum, New York, Mr. Johnson was cited for failure to stop at a posted stop sign in violation of N. Y. VTL § 1172. Fort Drum is a

1

maritime and territorial jurisdiction of the United States, see 18 U.S.C. § 7, and New York's Vehicle and Traffic laws are assimilated for purposes of motor vehicle operation on the public roads within Fort Drum. See 18 U.S.C. § 13.

On September 27, 2005, the case came on for a bench trial before Magistrate Judge Lowe. At trial, the Government presented the testimony of the ticketing officer, Officer William David Ayen, a federal police officer working at Fort Drum on April 10, 2005. Officer Ayen testified that he witnesses a motor vehicle drive past a stop sign at the exit of the Fort Drum Inn without coming to a complete stop. Officer Ayen conducted a traffic stop of the vehicle and identified Mr. Johnson as its operator. Mr. Johnson was then ticketed. Officer Ayen's testimony was not refuted, and although Mr. Johnson conducted a vigorous cross-examination regarding events occurring after the ticket was issued in an apparent effort to discredit Officer Ayen, Mr. Johnson rested without presenting any evidence on his behalf. After the parties presented closing arguments, Magistrate Judge Lowe found Mr. Johnson guilty of the traffic infraction, and imposed a sentence of two hundred and fifty dollars ($250.00).

Mr. Johnson now contends that the conviction was obtained by the use of perjury, and that the weight of the evidence was against the verdict. Further, Mr. Johnson contends that Magistrate Judge evinced partiality for the prosecution by his conduct after the

trial. Finally, Mr. Johnson asserts that he was assessed an excessive fine and was denied the right to be heard on the sentence. The Court will address the arguments *seriatim*.

**III.  STANDARD OF REVIEW**

On an appeal, the Court reviews the magistrate judge's legal conclusions *de novo*, and accepts his factual determinations, unless clearly erroneous, viewing those facts in the light most favorable to the Government. See United States v. Casado, 303 F.3d 440, 443 (2d Cir. 2002).

**VI.  DISCUSSION**

**A.  Use of Perjury**

Mr. Johnson first contends, in wholly conclusory fashion, that Officer Ayen committed perjury at trial.  In this regard, Johnson asserts:

> Please take notice I am sitting [*sic*] perjury as the means of conviction by Patrolman Ayerys [*sic*]. I will present evidence that in fact this happened. No regard for testimony by Mr. Ayers [*sic*] as not being factual. Plainly and simply a 6th grader could tell this guy was lying.

Appellant's Letter Brief, p. 2 [dkt. # 1].

Mr. Johnson has not presented any evidence of the falsity of Officer Ayen's trial testimony,[1] or, if in fact it was pejurious, that the prosecution was aware of this fact. Rather, Appellant raises what can only be considered a challenge to the credibility

---

[1] In his closing argument Johnson asserted that he had "undisputed evidence that [Officer Ayen] committed perjury," but he failed to present this purported evidence to Magistrate Judge Lowe, and he fails to present it now.

3

of the sole witness in this case. See <u>United States v. Sanchez</u>, 969 F.2d 1409, 1413 (2d Cir. 1992); <u>United States v. Bortnovsky</u>, 879 F.2d 30, 33 (2d Cir. 1989). Such a challenge, however, cannot prevail on this appeal because questions of credibility, and the weight afforded a witness' testimony, are determinations for the finder of fact. <u>Woodman v. WWOR-TV, Inc.</u>, 411 F.3d 69, 87 (2d Cir. 2005)(citing 4 Weinstein's Federal Evidence § 702.06 ("The credibility of witnesses is normally an issue left exclusively to the finder of fact....")). Magistrate Judge Lowe, as the finder of fact, had the opportunity to view the lone witness and assess his credibility based upon the witness's answers and demeanor while he testified.[2] His factual determination and decision to credit Officer Ayen's un-rebutted testimony will not be set aside simply because Mr. Johnson thinks that Ayen was incredible, or because Mr. Johnson purports to have some evidence that might have impeached Officer Ayen's testimony. Accordingly, the appeal fails on this ground.

### B. Insufficiency of the Evidence

Mr. Johnson next asserts what appears to be a claim of insufficiency of the evidence. This claim is also unavailing. On a claim of insufficiency of the evidence at trial, an appellate court must affirm the underlying conviction if:

---

[2] In fact, Magistrate Judge Lowe stated that he credited Officer Ayen's testimony based upon these considerations.

4

> any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. When reviewing a claim of insufficiency of the evidence, the standard of review is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial. While a defendant shoulders a heavy burden in challenging the sufficiency of evidence supporting a conviction, we must be satisfied that after drawing all permissible inferences in favor of the government, a rational trier of fact could find that every element of the crime was established beyond a reasonable doubt.

United States v. Pierce, 224 F.3d 158, 164 (2d Cir. 2000); see also United States v. Kim, — F.3d –, —, 2006 WL 120332, at *1 (2d Cir. Jan. 18, 2006).[3]

As indicated, Officer Ayen's testimony was un-refuted. He testified that he witnessed Johnson drive his vehicle past a stop sign at the exit of the Fort Drum Inn without coming to a complete stop. This testimony is sufficient to sustain the conviction. See N.Y. VTL § 1172 (""Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line ...").

**C. Judicial Bias**

Mr. Johnson also argues that his convictions should be

---

[3] In the recently decided case of United States v. Kim, the Second Circuit noted:

"It is well settled that a defendant seeking to overturn a conviction based upon insufficiency of the evidence bears a heavy burden." United States v. Martinez, 54 F.3d 1040, 1042 (2d Cir. 1995) (internal citation and quotation marks omitted). "Not only must the evidence be viewed in the light most favorable to the government and all permissible inferences drawn in its favor, but if the evidence, thus construed, suffices to convince any rational trier of fact of the defendant's guilt beyond a reasonable doubt, then [the defendant's] conviction must stand." Id. (internal citation omitted). "The government's case need not exclude every possible hypothesis of innocence ...." Id. at 1042-43 (internal citation and quotation marks omitted).

2006 WL 120332, at * 1.

reversed because Magistrate Judge Lowe exhibited bias at trial. This argument is based upon a contention that after the proceedings concluded and when it appeared that a confrontation might occur between Mr. Johnson and Officer Ayen, Magistrate Judge Lowe purportedly told Johnson to leave the courtroom before the prosecutor and Officer Ayen.[4]  Because Mr. Johnson failed to make a recusal motion below, this Court reviews the claim for plain error.

There was no error here, plain or otherwise. Under the applicable statute, 28 U.S.C. § 455, the question is whether an objective observer, informed of the underlying facts, would question the judge's impartiality. United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003). "[O]pinions formed by a judge on the basis of ... events occurring in the course of judicial proceedings do not constitute a basis for recusal unless they indicate that the judge has 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" United States v. Diaz, 176 F.3d 52, 112 (2d Cir. 1999)(quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).

The audio-tape of Mr. Johnson's traffic violation trial

---

[4] In this regard, Mr. Johnson asserts:

Furthermore, action by Judge and DA and Defendant 2 min. after trial was over need [*sic*] to be address [*sic*]. Judg [*sic*] mad [*sic*] reference to may [*sic*] self and District Attorney that clearly show there [*sic*] bios [*sic*] intenctinon [*sic*] –making me leve [*sic*] cort [*sic*] room 1st say [*sic*] I was going to atack [*sic*] witness in this matter when I was mearly [*sic*] gathering my papers when I was looking down.  Juge [*sic*] accused [*sic*] me of trying to atcactk [*sic*] witness I achered [*sic*] him that was no [*sic*] the case. I then shock [*sic*] the hand of D.A. and left.

Appellant's Letter Brief, p. 1.

provides absolutely no evidence from which an objective observer would question the impartiality of Magistrate Judge Lowe.  Instead, the audio-recording depicts the opposite. Magistrate Judge Lowe patiently allowed Mr. Johnson to engage in a course of aggressive cross-examination based upon facts occurring after he was issued the traffic citation.  At the conclusion fo the trial, Magistrate Judge Lowe carefully and clearly explained the reasons for his decision.  The purported instruction for Mr. Johnson to leave the courtroom was not captured on the recording of the proceedings, and the Government has not addressed the factual underpinnings of this argument in their brief.  Nonetheless, assuming that it occurred as Mr. Johnson asserts, see fn. 4, *supra*, Magistrate Judge Lowe's direction to the parties "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky*,* 510 U.S. at 556.  No objective observer could reasonably question Magistrate Judge Lowe's impartiality in this matter simply because he sought to maintain proper decorum in his courtroom as the parties were leaving.  This Court finds Mr. Johnson's argument of purported bias by Magistrate Judge Lowe to be unfounded, see Diaz*,* 176 F.3d at 112; United States v. Colon*,* 961 F.2d 41, 44 (2d Cir. 1992), and so completely lacking in merit that it boarders on the frivolous.

7

**D. Excessive Fine/Denial of Right to be Heard**

The Court next turns to Mr. Johnson's argument that the fine of $250 assessed by Magistrate Judge Lowe was excessive, and that he was denied the right to be heard on the sentence. Section 13 of Title 18 of the United States Code adopts New York's Vehicle and Traffic Law both as to the substantive nature of offenses and to the penalties that may be assessed upon a conviction. See 18 U.S.C. § 13(a).[5] After finding Mr. Johnson guilty of the traffic violation, Magistrate Judge Lowe asked the prosecutor for the range of penalties that could be assessed. The prosecutor responded that the maximum fine was $250.00. Magistrate Judge Lowe imposed a fine of $250.00, and although Mr. Johnson then engaged in a discussion with Magistrate Judge Lowe regarding when he could pay the fine and his intention to appeal Magistrate Judge Lowe's conviction, he made no mention of his desire to be heard on the amount of the fine.

New York's Vehicle and Traffic Law provides at Section § 1800 that absent a provision in the applicable section to the contrary, the fine for a first conviction of a traffic violation can be no

---

[5] Section 13(a) of Title 18 of the United States Code provides:

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, <u>shall be guilty of a like offense and subject to a like punishment</u>.

18 U.S.C. § 13(a)(emphasis added).

greater than $150.00 while a second conviction within eighteen months could receive a fine up to $300.00.  Given this statute, a fine of $250.00 would be allowed only if Mr. Johnson had a prior conviction under the Vehicle and Traffic Law within eighteen months of this conviction.  Inasmuch as the record is silent as to whether Mr. Johnson had a prior conviction, the matter must be remanded to Magistrate Judge Lowe for re-sentencing. In so remanding, this Court offers no opinion as to the appropriate fine that may be assessed in this case.

**V. CONCLUSION**

For the reasons set forth above, Appellant's conviction for a violation of New York Vehicle and Traffic Law § 1172 is hereby **AFFIRMED**.  The sentence of a $250.00 fine is **VACATED**, and the matter is **REMANDED** to Magistrate Judge Lowe for re-sentencing.

**IT IS SO ORDERED**

DATED:February 1,2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge